UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA          )
                                  )
            vs.                   )          Cr. Action No. 21-07 (MN)
                                  )
HANNA CARELLO                     )

**MEMORANDUM ORDER**

At Wilmington, this 2nd day of August 2023:

On January 28, 2022, Defendant pleaded guilty to one count of use of a communications facility to facilitate a drug felony, in violation of 21 U.S.C. §§ 843(b), 841(a)(1) and 846 (D.I. 34). On July 11, 2022, this Court sentenced Defendant to 24 months of imprisonment with a report date of August 15, 2022 (D.I. 59).[1]  The defendant has served just under 12 months of that sentence and has a projected release date in January 2024.

On March 3, 2023, Defendant filed the instant motion asking this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.I. 60).[2]  The Government responded, opposing Defendant's motion.  (D.I. 61).

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010).   Indeed, it is well established that once a district court has pronounced sentence and the sentence becomes final, the court has no inherent authority to reconsider or alter that sentence.  It may do so only pursuant to statutory authorization. *See, e.g., United States v. Addonizio*, 442 U.S. 178, 189 & n.16 (1979); *United States v. Washington*, 549

---

[1]      The sentencing guidelines called for a sentence of 48 months of imprisonment.

[2]      In support of her request, Defendant cites her efforts at rehabilitation, her desire to care for her children and younger siblings, and the need for mental health treatment.

F.3d 905, 917 (3d Cir. 2008); United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.") (internal quotation marks omitted). The First Step Act amended 18 U.S.C. § 3582 to permit inmates in specified circumstances to file motions seeking "compassionate release." Under the First Step Act, an inmate may file a motion requesting compassionate release only after filing a request for compassionate release with the Bureau of Prisons ("BOP") and either (1) exhausting the administrative review of the denial of the request or (2) waiting thirty-days from the date of the request, whichever occurs first. 18 U.S.C. § 3582(c)(1)(A). These requirements are sometimes collectively referred to as the "exhaustion requirement" of the statute

As of March 9, 2023 (about a week after this motion was filed), Federal Prison Camp Alderson, the BOP location where Defendant is housed, has no records of receiving a request for release from the defendant. Thus, Defendant has not met the exhaustion requirement and may not present a request for compassionate release to this Court. *See Raia*, 954 F.3d at 597 (calling a failure to meet § 3582(c)(1)(A)'s exhaustion requirement a "glaring roadblock foreclosing compassionate release"). Therefore, Defendant's motion is DENIED without prejudice to renew if she can meet the exhaustion requirement.

The Honorable Maryellen Noreika
United States District Judge